No. 22-16656

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GILLIAN DAVIDSON & SAMUEL DAVIDSON,

*Plaintiffs-Appellants*,

v.

SPROUT FOODS, INC.,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Northern District of California
No. 22-CV-01050-RS
Hon. Richard Seeborg, presiding

## UNOPPOSED MOTION FOR 30-DAY EXTENSION OF TIME TO PETITION FOR REHEARING AND/OR REHEARING EN BANC

| | |
|---|---|
| Elizabeth V. McNulty | Chad R. Fears |
| Joshua D. Cools | Hayley E. LaMorte |
| Evans Fears Schuttert McNulty Mickus | Evans Fears Schuttert McNulty Mickus |
| 1 Park Plaza, Suite 500 | 6720 Via Austi Parkway, Suite 300 |
| Irvine, Ca. 92614 | Las Vegas, Nevada 89119 |
| (949) 339-5026 | (702) 805-0290 |

*Attorneys for Appellee Sprout Foods, Inc.*

# MOTION FOR EXTENSION OF TIME

Sprout Foods, Inc. ("Sprout") respectfully moves for a 30-day extension of the deadline to file a petition for rehearing and/or for rehearing en banc in this matter. The current deadline is July 12, 2024. *See* Declaration of Chad R. Fears at ¶ 2. As explained below, good cause supports Sprout's motion, which Plaintiffs-Appellants Gillian and Samuel Davidson do not oppose. If the Court grants Sprout's requested extension, the petition would be due on August 16, 2024. Fears Decl. ¶ 2.

On June 28, 2024, this Court issued a published opinion in this case, affirming in part and reversing in part the district court's dismissal of plaintiff's claims. Under Federal Rules of Appellate Procedure 35(c) and 40(a)(1), a party has 14 days after entry of judgment to petition for panel rehearing or rehearing en banc. Rule 26(b) permits the Court to extend that deadline. Ninth Circuit Rule 31-2.2(b) lays out the procedure for requesting such an extension.

Pursuant to Rule 31-2.2(b), Sprout requests a 30-day extension of the due date for its petition for rehearing or rehearing en banc, so that Sprout may consider whether to petition for rehearing and/or rehearing en banc, and if so, which issues to present. There is a substantial need for the extension due to lead appellate counsel's preexisting commitments. Specifically, lead counsel Chad Fears has international travel that was arranged well in advance of the panel's decision which makes him unavailable for the next two weeks. Fears Decl. ¶ 2. Additionally, an extension of

1

time is needed for Sprout to undertake the decision to whether to seek rehearing, as well as decisions regarding the substance of any petition, which requires consultation with and coordination among appellate counsel and Sprout. Fears Decl. ¶ 2. A 30-day extension of time would ensure meaningful consideration and time to prepare any rehearing or en banc petition in this case.

Sprout's counsel has at all times exercised diligence, and any petition for rehearing or rehearing en banc will be filed within the time requested. Fears Decl. ¶ 3. Sprout has not previously requested an extension of time to file a petition for rehearing or rehearing en banc in this case. Fears Decl. ¶ 3.

Plaintiffs-Appellants' counsel has indicated that Plaintiffs-Appellants do not oppose Sprout's motion for a 30-day extension of the deadline to file a petition for rehearing or rehearing en banc. Fears Decl. ¶ 4.

No court reporter is in default with regard to any designated transcript. Fears Decl. ¶ 5.

For these reasons, Sprout respectfully requests that the Court grant a 30-day extension of time to file a petition for rehearing or rehearing en banc.

Dated: July 5, 2024.

> Evans Fears Schuttert McNulty Mickus
>
> */s/ Chad R. Fears*
> Elizabeth V. McNulty

Chad R. Fears
Joshua D. Cools
Hayley E. LaMorte

*Attorneys for Appellee Sprout Foods, Inc.*

# DECLARATION OF CHAD R. FEARS

I, Chad R. Fears, do hereby declare as follows:

1. I am a partner at the law firm of Evans Fears Schuttert McNulty Mickus and counsel of record for Defendants-Appellees Sprout Foods, Inc ("Sprout). Except as otherwise stated, the matters set forth herein are based upon my personal knowledge, and I could and would testify completely thereto if called upon to do so.

2. In the absence of an extension, a petition for rehearing or rehearing en banc would be due on July 12, 2024. Counsel believes that good cause exists for granting a 30-day extension of time to file until August 16, 2024. As lead appellate counsel, I will have primary responsibility for evaluating and preparing any petition. I am traveling internationally from July 4, 2024 to July 15, 2024 which will make me unavailable to prepare the petition during that time. This trip was arranged well in advance of the panel's opinion. Additional time is also needed for Sprout and its counsel to undertake the internal review necessary to decide whether to seek rehearing or rehearing en banc. This review process requires consultation and coordination with appellate counsel and Sprout.

3. Sprout's counsel has at all times during this matter exercised diligence, and any petition that Sprout decides to file will be filed by August 16 if this motion is granted. Sprout has not previously requested an extension of time to file a petition for rehearing or rehearing en banc in this matter.

i

4. Counsel for Plaintiffs-Appellants Gillian and Samuel Davidson do not oppose Sprout's motion for a 30-day extension of the deadline to file a petition for rehearing or rehearing en banc.

5. The court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury that the foregoing is true and corrected.

Executed in Las Vegas, Nevada, on July 5, 2024.

*/s/ Chad R. Fears*
Chad R. Fears
*Attorneys for Appellee Sprout Foods, Inc.*